Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X '07 CIV 3794

LUIS A. ALMONTE, 07 Civ. ( )( )

Plaintiffs,

-against-

**NOTICE OF REMOVAL**




FEDERAL EXPRESS CORPORATION, AUTOMOTIVE RENTALS, INC. and "JOHN DOE" (the name being fictitious and intended to designate the driver),

Defendants.

---------------------------------------------------------------------X

TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK:

Defendants, FEDERAL EXPRESS CORPORATION ("FEDERAL EXPRESS")and AUTOMOTIVE RENTALS, INC. ("ARI"), pursuant to 28 U.S.C. §1441, states:

1. A civil action bearing Index No.13661/07 has been instituted by plaintiff, LUIS A. ALMONTE, and is pending in the Supreme Court of the State of New York, County of Bronx, in which FEDERAL EXPRESS and ARI are defendants.

2. Defendant FEDERAL EXPRESS was and is incorporated in the State of Delaware and at all relevant times has had its principal place of business in the State of Tennessee.

3. Defendant ARI was and is incorporated in the State of New Jersey and at all relevant times has had its principal place of business in the State of New Jersey.

4. Upon information and belief, plaintiff LUIS A. ALMONTE, individually, was and is a citizen and resident of the State of New York.

5. Therefore, this action is between citizens of different states as defined by 28 U.S.C. §1332(a)(1).

6. In his Verified Complaint, plaintiff seeks damages in an amount that exceeds the jurisdictional limits of all lower courts and to be determined at the time of trial.

7. Therefore, upon information and belief, the amount in controversy exceeds $75,000 as required by 28 U.S.C. §1332(a).

8. Thus, this court has original diversity jurisdiction and removal jurisdiction over this claim pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(a).

9. Defendant FEDERAL EXPRESS received a copy of the initial pleading setting forth the claim for relief upon which this action is based on or about April 23, 2007.

10. Therefore, in accordance with 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

11. Copies of the Summons and Verified Complaint, which constitute all process, pleadings and orders received by defendant FEDERAL EXPRESS, in this action, are collectively annexed hereto as Exhibit "A".

WHEREFORE, defendants FEDERAL EXPRESS CORPORATION and AUTOMOTIVE RENTALS, INC. give notice that this action is removed from said state court to this court.

Dated: New York, New York
May 14, 2007

ANTHONY W. ECKERT III, ESQ.

By: ______________________
Anthony W. Eckert III (AWE-7949)
Attorney for Defendants
Federal Express Corporation and
Automotive Rentals, Inc.
555 Fifth Avenue, 15th Floor
New York, New York 10017
(212) 922-0450

TO: KOVAL, REJTIG & DEAN, PLLC
Attorneys for Plaintiff
LUIS A. ALMONTE
114 Old Country Road
Suite 114
Mineola, New York 11501
(516) 739-1600

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.: 13661-07
Date Purchased: 4-4-07

---

LUIS A. ALMONTE,

Plaintiff,

-against-

FEDERAL EXPRESS CORPORATION, AUTOMOTIVE RENTALS INC. and "JOHN DOE", first and last names being fictitious and unknown, party intended to be the driver of the motor vehicle,

Defendants.

---

**SUMMONS**

Plaintiff designates Bronx County as the place of trial.

The basis of venue is: Plaintiff's residence

Plaintiff resides at:
2794 Valentine Avenue, #3E
Bronx, New York 10458

County of Bronx

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Mineola, New York
March 30, 2007

KOVAL, REJTIG & DEAN, PLLC
Attorneys for Plaintiff
LUIS A. ALMONTE
114 Old Country Road, Suite 114
Mineola, New York 11501
(516) 739-1600

**DEFENDANTS' ADDRESSES:**

FEDERAL EXPRESS CORPORATION
c/o CT CORPORATION SYSTEM
111 8TH AVENUE
NEW YORK, NEW YORK 10011

AUTOMOTIVE RENTALS INC.
9000 MIDLANTIC DRIVE
MOUNT LAUREL, NJ 08054

"JOHN DOE"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------------X

LUIS A. ALMONTE,

Plaintiff,

-against-

FEDERAL EXPRESS CORPORATION, AUTOMOTIVE RENTALS INC. and "JOHN DOE", first and last names being fictitious and unknown, party intended to be the driver of the motor vehicle,

Defendants.

-----------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff, by his attorneys, KOVAL, REJTIG & DEAN, PLLC, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

**AS AND FOR A FIRST CAUSE OF ACTION ON**
**<u>BEHALF OF PLAINTIFF LUIS A. ALMONTE</u>**

1. At all times hereinafter mentioned, plaintiff was and still is a resident of the County of Bronx, City and State of New York.

2. At all times hereinafter mentioned, defendant, "JOHN DOE", was and still is a resident of the State of New York.

3. That at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and still is a foreign corporation duly authorized to do business in the State of New York.

5. That at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and still is a domestic partnership duly organized and existing pursuant to the laws of the State of New York.

6. That at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, was and still is a foreign partnership duly organized and existing pursuant to the laws of the State of New York.

7. That at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, maintained a principal place of business in the State of New York.

8. That at all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, does business in the State of New York.

9. That at all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

11. That at all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., was and still is a foreign corporation duly authorized to do business in the State of New York.

12. That at all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., was and still is a foreign corporation duly authorized to do business in the State of New Jersey.

13. That at all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., was and still is a domestic partnership duly organized and existing pursuant to the laws of the State of New York.

14. That at all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., was and still is a domestic partnership duly organized and existing pursuant to the laws of the State of New Jersey.

15. That at all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., was and still is a foreign partnership duly organized and existing pursuant to the laws of the State of New York.

16. That at all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., was and still is a foreign partnership duly organized and existing pursuant to the laws of the State of New Jersey.

17. That at all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., maintained a principal place of business in the State of New York.

18. That at all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., maintained a principal place of business in the State of New Jersey.

19. That at all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., does business in the State of New York.

20. At all times hereinafter mentioned defendant, FEDERAL EXPRESS CORPORATION, was the owner of a motor vehicle bearing New York State registration number 17308JH, for the year 2004.

21. That on December 22, 2004, and at all times hereinafter mentioned defendant, "JOHN DOE", was employed by defendant, FEDERAL EXPRESS CORPORATION.

22. That on December 22, 2004, and at all times hereinafter mentioned defendant, "JOHN DOE", operated the aforementioned motor vehicle within the scope of his employment with defendant, FEDERAL EXPRESS CORPORATION.

23. At all times hereinafter mentioned, defendant, "JOHN DOE" operated the aforementioned motor vehicle with the express permission of defendant, FEDERAL EXPRESS CORPORATION.

24. At all times hereinafter mentioned, defendant, "JOHN DOE" operated the aforementioned motor vehicle with the express knowledge of the defendant, FEDERAL EXPRESS CORPORATION.

25. At all times hereinafter mentioned, defendant, "JOHN DOE", operated the aforementioned motor vehicle with the express consent of the defendant, FEDERAL EXPRESS CORPORATION.

26. All times hereinafter mentioned, defendant, "JOHN DOE", operated the motor vehicle with the implied permission of defendant, FEDERAL EXPRESS CORPORATION.

27. At all times hereinafter mentioned, defendant, "JOHN DOE", operated the aforementioned motor vehicle with the implied knowledge of the defendant, FEDERAL EXPRESS CORPORATION.

28. At all times hereinafter mentioned, defendant, "JOHN DOE", operated the aforementioned motor vehicle with the implied consent of the defendant, FEDERAL EXPRESS CORPORATION.

29. At all times hereinafter mentioned, defendant, "JOHN DOE", managed the aforementioned motor vehicle.

30. At all times hereinafter mentioned, defendant, "JOHN DOE", maintained the aforementioned motor vehicle.

31. At all times hereinafter mentioned, defendant, "JOHN DOE", controlled the aforementioned motor vehicle.

32. At all times hereinafter mentioned, defendant, "JOHN DOE", repaired the aforementioned motor vehicle.

33. At all times hereinafter mentioned, defendant, "JOHN DOE", inspected the aforementioned motor vehicle.

34. At all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, managed the aforementioned motor vehicle.

35. At all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, maintained the aforementioned motor vehicle.

36. At all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, controlled the aforementioned motor vehicle.

37. At all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, repaired the aforementioned motor vehicle.

38. At all times hereinafter mentioned, defendant, FEDERAL EXPRESS CORPORATION, inspected the aforementioned motor vehicle.

39. At all times hereinafter mentioned defendant, AUTOMOTIVE RENTALS INC., was the owner of a motor vehicle bearing New York State registration number 17308JH, for the year 2004.

40. That on December 22, 2004, and at all times hereinafter mentioned defendant, "JOHN DOE", was employed by defendant, AUTOMOTIVE RENTALS INC.

41. That on December 22, 2004, and at all times hereinafter mentioned defendant, "JOHN DOE", operated the aforementioned motor vehicle within the scope of his employment with defendant, AUTOMOTIVE RENTALS INC.

42. At all times hereinafter mentioned, defendant, "JOHN DOE" operated the aforementioned motor vehicle with the express permission of defendant, AUTOMOTIVE RENTALS INC.

43. At all times hereinafter mentioned, defendant, "JOHN DOE" operated the aforementioned motor vehicle with the express knowledge of the defendant, AUTOMOTIVE RENTALS INC.

44. At all times hereinafter mentioned, defendant, "JOHN DOE", operated the aforementioned motor vehicle with the express consent of the defendant, AUTOMOTIVE RENTALS, INC.

45. All times hereinafter mentioned, defendant, "JOHN DOE", operated the motor vehicle with the implied permission of defendant, AUTOMOTIVE RENTALS INC.

46. At all times hereinafter mentioned, defendant, "JOHN DOE", operated the aforementioned motor vehicle with the implied knowledge of the defendant, AUTOMOTIVE RENTALS INC.

47. At all times hereinafter mentioned, defendant, "JOHN DOE", operated the aforementioned motor vehicle with the implied consent of the defendant, AUTOMOTIVE RENTALS INC.

48. At all times hereinafter mentioned, defendant, "JOHN DOE", managed the aforementioned motor vehicle.

49. At all times hereinafter mentioned, defendant, "JOHN DOE", maintained the aforementioned motor vehicle.

50. At all times hereinafter mentioned, defendant, "JOHN DOE", controlled the aforementioned motor vehicle.

51. At all times hereinafter mentioned, defendant, "JOHN DOE", repaired the aforementioned motor vehicle.

52. At all times hereinafter mentioned, defendant, "JOHN DOE", inspected the aforementioned motor vehicle.

53. At all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., managed the aforementioned motor vehicle.

54. At all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., maintained the aforementioned motor vehicle.

55. At all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., controlled the aforementioned motor vehicle.

56. At all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., repaired the aforementioned motor vehicle.

57. At all times hereinafter mentioned, defendant, AUTOMOTIVE RENTALS INC., inspected the aforementioned motor vehicle.

58. At all times hereinafter mentioned, plaintiff, LUIS A. ALMONTE, was the owner and operator of a 1995 Lincoln motor vehicle bearing New York State registration number T460731C, for the year 2004.

59. At all times hereinafter mentioned, Broadway, at its intersection with West 161st Street, County, City and State of New York, was a public roadway and/or thoroughfare in common use by the general public.

60. That on December 22, 2004, defendant, "JOHN DOE", was operating the aforesaid motor vehicle owned by defendant, FEDERAL EXPRESS CORPORATION, at the aforementioned location.

61. That on December 22, 2004, defendant, "JOHN DOE", was operating the aforesaid motor vehicle owned by defendant, AUTOMOTIVE RENTALS INC., at the aforementioned location.

62. That on December 22, 2004, plaintiff, LUIS A. ALMONTE, was operating his aforesaid motor vehicle at the aforementioned location.

63. That on December 22, 2004, the aforesaid motor vehicle owned by defendant, FEDERAL EXPRESS CORPORATION, and operated by defendant, "JOHN DOE", struck the motor vehicle owned and operated by plaintiff, LUIS A. ALMONTE, in the rear, at the aforementioned location.

64. That on December 22, 2004, the aforesaid motor vehicle owned by defendant, AUTOMOTIVE RENTALS INC., and operated by defendant, "JOHN DOE", struck the motor vehicle owned and operated by plaintiff, LUIS A. ALMONTE, in the rear, at the aforementioned location.

65. That on December 22, 2004, the aforesaid motor vehicle owned by defendant, FEDERAL EXPRESS CORPORATION, and operated by defendant, "JOHN DOE", came into contact with the motor vehicle owned and operated by plaintiff, LUIS A. ALMONTE, at the aforementioned location.

66. That on December 22, 2004, the aforesaid motor vehicle owned by defendant, AUTOMOTIVE RENTALS INC., and operated by defendant, "JOHN DOE", came into contact with the motor vehicle owned and operated by plaintiff, LUIS A. ALMONTE, at the aforementioned location.

67. That at the above time and place, there was contact between the two aforesaid motor vehicles.

68. That as a result of the aforesaid contact, plaintiff, LUIS A. ALMONTE, was injured.

69. That as a result of the aforesaid contact, plaintiff, LUIS A. ALMONTE, was seriously injured.

70. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff, LUIS A. ALMONTE, contributing thereto.

71. That defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the defendants were otherwise negligent, careless and reckless in the premises.

72. That by reason of the foregoing, plaintiff, LUIS A. ALMONTE, sustained severe and permanent personal injuries and plaintiff, LUIS A. ALMONTE, was otherwise damaged.

73. That plaintiff, LUIS A. ALMONTE, sustained serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification.

74. That plaintiff, LUIS A. ALMONTE sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

75. That plaintiff, LUIS A. ALMONTE, is not seeking to recover any damages for which plaintiff has been reimbursed by No-Fault insurance and/or for which No-Fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

76. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

77. That by reason of the foregoing, plaintiff, LUIS A. ALMONTE, has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF LUIS A. ALMONTE**

78. That at all times hereinafter mentioned, plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "79", inclusive, contained herein as though same were more fully set forth at length herein.

79. That on December 22, 2004, plaintiff, LUIS A. ALMONTE, owned a 1995 Lincoln motor vehicle bearing New York State registration number T460731C.

80. That as a result of the negligence of the defendant, as aforesaid, plaintiff, LUIS A. ALMONTE, sustained property damage to plaintiff's vehicle, and has been greatly damaged thereby.

81. That by reason of all of the foregoing, plaintiff has been damaged in a sum exceeding TWO THOUSAND SIX HUNDRED SIXTEEN DOLLARS AND 27/100 CENTS ($2,616.27).

WHEREFORE, plaintiff demands judgment against the defendants in the First Cause of Action in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action; in the Second Cause of Action in the amount of TWO THOUSAND SIX HUNDRED SIXTEEN DOLLARS AND 27/100 CENTS ($2,616.27); together with the interest, costs and disbursements.

Dated: Mineola, New York
March 30, 2007

Yours, etc.

KOVAL, REJTIG & DEAN, PLLC

By: ______________________
SCOTT L. WISS
Attorneys for Plaintiff
LUIS A. ALMONTE
114 Old Country Road, Suite 114
Mineola, New York 11501
(516) 739-1600

# ATTORNEY VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NASSAU )

The undersigned attorney for plaintiff, admitted to practice in the Courts of the State of New York affirms that he has read the foregoing SUMMONS AND VERIFIED COMPLAINT, and knows the contents thereof, the same is true to his own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, he believes the same to be true.

This verification is made by me because plaintiff's residence or place of business is not in the County where I have my office.

The source of my belief as to all matters not stated upon knowledge is records of plaintiff in my possession.

The undersigned affirms the foregoing statements are true under penalties of perjury.

Dated: Mineola, New York
March 30, 2007

SCOTT L. WISS

# NOTICE OF CERTIFICATION

SIRS:

PLEASE TAKE NOTICE, that pursuant to 22 NYCRR § 130-1.1a, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief, and after reasonable inquiry, the contents contained in the annexed documents (set forth below) are not frivolous:

1. **SUMMONS AND VERIFIED COMPLAINT**

Dated: Mineola, New York
March ____, 2007

Yours, etc.,

KOVAL, REJTIG & DEAN, PLLC

By: ______________________
SCOTT L. WISS

Attorneys for the Plaintiff
114 Old Country Road, Suite 114
Mineola, New York 11501
(516) 739-1600

**AFFIDAVIT OF SERVICE VIA MAIL**

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

Yvette Morales, being duly sworn deposes and says that deponent is not a party to the action, is over the age of 18 and resides in Kings County.

On the **15th** day of **May, 2007**, deponent served the within **NOTICE OF REMOVAL** upon:

KOVAL, REJTIG & DEAN, PLLC
114 Old Country Road
Suite 114
Mineola, New York 11501

the address(es) designated by said attorney(s) by depositing same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

Yvette Morales

Sworn to before me this
15th day of May, 2007.

Notary Public

ANTHONY W. ECKERT III
Notary Public, State of New York
No. 02EC4989528
Qualified in New York County
Commission Expires Dec. 9, 2009